IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES BACON, | : | |
| Petitioner, | : | CIVIL ACTION NO. 16-2906 |
| v. | : | |
| MARK GARMAN, THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : | |
| Respondents. | : | |

## **ORDER**

**AND NOW**, this 5th day of January, 2018, after considering the petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by the *pro se* petitioner, James Bacon (Doc. No. 1), the memorandum of law in support of the petition (Doc. No. 6), the respondents' response thereto (Doc. No. 17), the state court record, United States Magistrate Judge Marilyn Heffley's report and recommendation (Doc. No. 18), and a letter by the petitioner (Doc. No. 23), interpreted by this court as objections to the report and recommendation; accordingly, it is hereby **ORDERED** as follows:

1. The clerk of court is **DIRECTED** to remove this action from civil suspense and return it to the court's active docket;

2. The petitioner's objections to the report and recommendation (Doc. No. 23) are **OVERRULED**;[1]

3. The Honorable Marilyn Heffley's report and recommendation (Doc. No. 18) is **APPROVED** and **ADOPTED**;

4. The petitioner's petition for writ of habeas corpus (Doc. No. 1) is **DENIED**;

5. The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2);[2] and

6. The clerk of court shall mark this case as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] The court conducts a *de novo* review and determination of the portions of the report and recommendation ("R&R") by the magistrate judge to which there are objections. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also* E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b) (providing requirements for filing objections to magistrate judge's proposed findings, recommendations or report).

While the petitioner does not specifically respond to the R&R, in a letter mailed within the timeline allowed for objections (Doc. No. 23), the petitioner implicitly challenges Magistrate Judge Heffley's conclusions that his counsel was not ineffective in failing to present two potential alibi witnesses: (1) Mary Fair, and (2) Janice Shappelle (spelled "Chappelle" by the petitioner). With respect to Mary Fair, Magistrate Judge Heffley concluded that the representation provided by the petitioner's trial counsel was not objectively unreasonable under *Strickland v. Washington*, 466 U.S. 668 (1984), because Ms. Fair's testimony carried with it several risks. These risks included: (a) opening the door to a disclosure that the petitioner had an arrest warrant relating to a separate shooting and killing; (b) her testimony as to the petitioner's alibi—that she had been on the phone with the petitioner at the time of the police chase in this case—conflicting with another witness who claimed to have spoken to the petitioner over the phone at the same time; and (c) her testimony appearing biased because Ms. Fair is the petitioner's mother, and she had told police she did not know the petitioner's whereabouts even though she was in daily contact with him. R&R at 17-18. Moreover, trial counsel believed the testimony of the petitioner's neighbor, who testified to seeing the true shooter, not the petitioner, run past him outside, was sufficiently strong that Ms. Fair's testimony was not worth the risks. *Id.* at 18. In his objections, the petitioner counters that the trial judge had already admitted evidence "regarding prior police contact and the police looking for" the petitioner, Ms. Fair was properly sequestered, and the neighbor's and Ms. Fair's testimony comported with one another. Pet'r's Objs. at 2-3. The court agrees with Magistrate Judge Heffley's conclusion because, even granting petitioner's arguments, Ms. Fair's testimony still carried with it the possibility of a damaging cross-examination undermining the petitioner's defense.

Magistrate Judge Heffley also concluded that trial counsel's decision not to call Ms. Shappelle was not objectively unreasonable because she deferred to the determination by the PCRA court that trial counsel credibly testified as to being unaware that Ms. Shappelle could provide alibi testimony. R&R at 21-22 (quoting *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) (stating that the habeas statute "gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.")). The petitioner objects that: (a) "the defender association took down her name incorrectly and that is why she was not called;" (b) the petitioner "told [trial counsel] of his alibi witness, Ms[.] Chappelle, on numerous occasions;" and (c) trial counsel, who represented the petitioner in another shooting case, misplaced Ms. Chappelle's name with the other case and "testified and accepted the likely mistake." Pet'r's Objs. at 1-2 (alteration to original). The petitioner also states Ms. Shappelle was available in Philadelphia and willing to testify, and the absence of Ms. Shappelle's testimony prejudiced him because her alibi testimony placed him somewhere other than the scene of the crime. *Id.* at 2.

The petitioner overstates trial counsel's testimony; trial counsel never testified at the PCRA evidentiary hearing that Ms. Shappelle being listed as a possible alibi witness for the prior shooting case was a "likely mistake." In fact, trial counsel's testimony at the PCRA hearing, occurring approximately seven years after the petitioner's

trial, suggests that she simply could not remember any contacts relating to Ms. Shappelle, and that based on the gravity of the case and her memory of zealously seeking out witnesses, it would have been uncharacteristic of her to neglect to contact Ms. Shappelle:

> Q: So would it be fair to say it would be uncharacteristic for you . . . in such an important case not to contact a witness?
> A: Yes. And I think based on everything that I reviewed in the file -- and, again, this was a long time ago so I had to refresh my memory about a lot -- I think that I would have at least tried to contact that woman, and I think I would have had conversation at least with Mr. Bacon's mother about it because I know that Kia [Reese] was a constant name that was coming up and I think I talked to her multiple times. And with all the other eyewitnesses, we were literally investigating witnesses up to the day of trial, literally. I had any investigator going out every single day the week before the trial because his mom kept telling me everyone knows James didn't do it.
> Q: So do I understand correctly then that you did not have conversation with the defendant or his mother about Janice Shappelle other than apparently the contact information?
> . . .
> A: I can't say for sure that I didn't. It is possible at the very beginning because I have it in my notes that we talked about this person. It doesn't appear it was a name that came up toward the end when we were getting down to things. And this man should not have been found guilty of this case and it is unfortunate.
> Q: So you do think that you did everything that you could to prepare this case?
> . . .
> A: I think within reason and within reasonableness that I had and within the rulings that the judge was making, I think that I did everything I could have and I don't think an alibi defense was the way to go in this case.

Apr. 12, 2013 PCRA Hr'g Tr. at 50-51 (alteration to original). Based on this testimony, and the deference afforded to the PCRA court's determination that trial counsel was credible, the petitioner's objections fail to overcome the *Strickland* presumption of effectiveness.

Therefore, after conducting a *de novo* review of the portions of the R&R to which the petitioner apparently objects, the court concurs with Magistrate Judge Heffley's conclusions, and accordingly, overrules the objections.

[2] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (explaining requirements for obtaining a certificate of appealability under section 2253(c)(2)).